———— o o o ————

Scott *v.* Sweet, *et al.*

To establish a plea of want of consideration, parole evidence is admissible, to show that a promissory note was given for a patent right to make fanning mills, and that fanning mills made after the model of the right, were worthless.

*Error to Jefferson District Court.*

*Opinion by* Williams, C. J. This is an action of assumpsit, on a promissory note dated October 18th, 1845, drawn by C. R. Hitchcock and Job C. Sweet in favor of William Scott by which they or either of them, promised to pay said Scott or order, the sum of forty-eight dollars, for value received, against the first day of March, 1846. Suit was brought before a justice of the peace. The plaintiff sued for the use of Theodore D. Porter. Judgment was obtained by the plaintiff. An appeal was taken to the district court. The cause tried there, and a verdict for the plaintiff and judgment thereon for fifty-three dollars and ninety-six cents, with costs. The defendants put in their pleas, that the consideration for which the note had

been given had wholly failed; that the note was without consideration when made and delivered to Scott; and also payment in full. Issue was joined between the parties. The question for adjudication here, is presented by the bill of exceptions. To maintain the issue on their part, the defendants offered to prove by parole testimony, that the note was given in consideration of a patent right to make fanning mills, which they purchased from plaintiff, and that the right proved to be worthless because the mills would not work beneficially. To the introduction of this evidence, the counsel for the plaintiff objected, on the ground that the conveyance of the right could only be in writing, which must be produced or its absence accounted for, and that it could not be proved by parole testimony. The court sustained the objection and refused to let the evidence offered, go to the jury. The defendants then offered a witness to prove a want of consideration for the note on which this suit was brought, whose evidence would go to establish the following facts to maintain their part of the issue, viz: "That the said note was given for a supposed right to make fanning mills, and that the said Scott warranted the fanning mills, made after the manner of the right which he sold, to do good business and also that the said fanning mills did not do good business and were of no account." All of which parole testimony the court refused to admit on the ground, that the written transfer of the patent right must be produced, or its absence accounted for by the defendants. The defendants excepted to these rulings of the court, all of which appear in due form of record in the case.

The only question for adjudication in this court is, as to the decision of the district court in refusing to admit the parole evidence offered by the defendants as above stated. Upon the issue between the parties, we think it was both proper and material, that the evidence as offered should have been suffered to go to the jury. In this proceeding, notwithstanding there might have been a transfer in writing, of the patent right, it does not necessarily

follow, that in an action on the note, parole evidence of matters arising collaterally out of that transaction, may not be material in the adjustment of the rights of the parties, and properly admissible in the case. Although a written document which by authority of law or private compact, is constituted the authentic and proper instrument of evidence, by a general and inflexible rule; yet there are cases, where the mere existence of written evidence never excludes independent parole evidence to prove the same fact. 1 Starkie on Ev. p. 303.

It is given as a principle, to be observed in relation to the exclusion of parole evidence of a contract, that in order to exclude it, proof must be made that the contract was in writing. 1 Starkie on Ev. 505. In 4 Esp. C. 13, referred to in Starkie above cited, in a note, it was held that "where A gave a warrant of attorney to secure a joint debt to B and C, and B received the whole; in an action by C to recover his moiety, A may be called to prove the payment without the production of the warrant of attorney." On the same page of Starkie 1 vol., the case of *Wood* v. *Morris*, 12 East. p. 237, where it was decided that "after the plaintiff in ejectment had given parole testimony in evidence of the tenancy, the evidence was held to be sufficient, although it appeared by the cross examination of his witness, that an agreement relative to the land in question, had been produced upon a former trial between the same parties, and had been seen in the hands of the plaintiff's attorney, on the same morning." But the defendants in the case at bar, offered to prove that the mill, for the right to which they gave the note upon which this suit was brought, was warranted by the plaintiff to do good work, and that the same was worthless for business, and the court rejected the evidence. If the contract was shown to be in writing, we think it was competent for the defendants to show by parole evidence, that the plaintiff, independently of the written transfer, had warranted the mill to work well, and then to follow that showing, by proof that it was worthless. We are of

the opinion that, as the case is presented, the district court erred in rejecting the parole evidence offered by the defendants upon the trial below.

Judgment reversed.

*Charles Negus*, for plaintiff in error.

*Slagle & Achison*, for defendant.